AMALIA VAHAMONDE DE PÉREZ, Plaintiff and Appellee, v. JOAQUÍN L. MIRÓ and ROBERTO H. TODD, Defendants and Appellants.

No. 4165.   Argued March 23, 1927.—Decided April 22, 1927.

*De la Torre & Ramírez* and *José Martínez Dávila* for the appellee. *Carmelo Honoré* for the appellants.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Amalia Vahamonde sued Joaquín L. Miró and Roberto H. Todd on two promissory notes for $500 each. The defend-

ants demurred to the complaint and alleged, among other grounds, prescription of the action. Section 950 of the Code of Commerce.

The plaintiff, after amending for the first time her complaint, which the defendants moved to strike out for failure to obtain leave of the court and because the demurrers filed had not been decided, filed by leave of the court a second amended complaint which was served on the defendants on November 16, 1926. On November 29th the plaintiff requested the clerk to enter judgment by default because the defendants had not demurred or answered within the time fixed by the statute. In compliance with the prayer of the complaint, judgment by default was then entered.

The plaintiff now moves, and this is the object of the present incident on the correction of the record, to strike out the following parts of the record: The original complaint, the demurrer thereto, the first amended complaint and the motion to strike, on the ground that the second amended complaint superseded all of the previous pleadings, as they served no purpose in the appeal.

The defendants opposed the motion and alleged, among other grounds, that if those parts were stricken out they could not show the error alleged by them to have been committed by the trial court in allowing amendments which implied a new cause of action or a substantial change in the pleadings.

As regards the effects of an amended complaint in relation to the original, the jurisprudence is clear and is as follows:

"When an amended complaint is filed and served, the original ceases to perform any function as a pleading. But an original is not superseded by an amended complaint for all purposes, and the former may be considered as a part of the record of the case for the purpose of showing when the action was commenced, and whether or not a new or different cause of action was introduced by the amendment upon the hearing of a demurrer raising these questions. An

amended complaint based upon the same cause of action relates back to the date upon which the original complaint was filed, as regards the Statute of Limitations.'' 3 Estee's Pleadings, p. 113.

Therefore, as the point raised by the defendants is a legal question to be determined on the merits of the case, the motion of the plaintiff must be overruled.